IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JOHN E. HARGROVE,**

    Petitioner,

**v.**
                                                  **Civil Action No. 3:12-CV-124**
                                                  **Criminal Action No. 3:07-cr-58**
                                                  **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Joel for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Joel filed his R&R on September 18, 2013 [Civ. Doc. 4, Crim. Doc. 449]. In that filing, the magistrate judge recommended that this Court deny and dismiss this § 2255 petition. As set forth below, this Court agrees with the magistrate judge and adopts his R&R over petitioner's objections.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Upon petitioner's motion [Doc. 451], this Court granted petitioner an extension of time to file his objections, permitting same to be filed on or before November 6, 2013. [Doc. 452]. Petitioner's objections [Doc. 456] were untimely filed on November 12, 2013, as even with the three additional days added by Federal Rule of Civil Procedure 6(d) and the extension of time provided by Rule 6(a)(1)(C) for periods ending in a Saturday or Sunday, petitioner's deadline functionally expired on November 11, 2013.

Although petitioner's objections nowhere indicate the date that the objections entered the prison mail system, this Court anticipates that, as with petitioner's original, untimely § 2255 motion and his amended, untimely § 2255 motion, the lateness of the present filing likely resulted from delays in the prison mail system. Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the petitioner objects. *See, e.g.*, **Austin v. Cuyler**, 499 F. Supp. 1116, 1116 (E.D. Pa. 1980). The remainder of the R&R will be reviewed for clear error.

I. **Petitioner's Claims of Ineffective Assistance Lack Merit**

In order to determine whether a convicted defendant's claims of ineffective assistance warrant the reversal of his conviction, the defendant must satisfy a two-pronged test, articulated by the Supreme Court in **Strickland v. Washington**, 466 U.S. 668 (1984): first, the defendant must show that counsel's performance was deficient, and second, the

defendant must show that counsel's deficiency prejudiced the defense. *Id.* at 687. These two prongs are known as the "performance" and "prejudice" prongs. **Fields v. Att'y Gen. of Md.**, 956 F.2d 1290, 1297 (4th Cir. 1992).

In order to satisfy the "performance" prong, the defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." **Strickland**, 466 U.S. at 687. Further, the defendant must overcome the strong presumption that counsel's performance "f[ell] within the wide range of professionally reasonable assistance." **Carter v. Lee**, 283 F.3d 240, 249 (4th Cir. 2002). In order to satisfy the "prejudice" prong, the defendant must show that counsel's errors affected the ultimate outcome of trial; a mistake, even if professionally unreasonable, "does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." **Strickland**, 466 U.S. at 691. If a defendant cannot show prejudice, performance need not be considered by a reviewing court. **Fields**, 956 F.2d at 1297.

### A.     Failure to Pursue Defense Strategies Suggested by Petitioner

Petitioner first objects to the R&R's determination that his ineffective assistance claims are meritless by arguing that counsel failed to pursue a defense strategy suggested by petitioner. Specifically, petitioner asserts that counsel should have argued that petitioner lacked criminal intent because "during his initial conversations with the minors [petitioner] told them that there would be 'NO' sex until they were old enough." [Doc. 456 at 6–7]. This argument is unavailing not only because decisions regarding trial strategy are tactical decisions, for which great deference is afforded to counsel's superior skill, *see* **Sexton v. French**, 163 F.3d 874, 885 (4th Cir. 1998), but also because even if counsel's decision not

to pursue petitioner's suggested strategy could, somehow, have been error, consideration of the totality of evidence presented regarding petitioner's criminal intent would render any such error nonprejudicial.  See **Strickland**, 466 U.S. at 693 ("[T]he question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.").

## B.    Failure to Call Witnesses

Petitioner's second ineffective-assistance objection concerns counsel's failure to secure funds to ensure the presence of certain witnesses at trial, including petitioner's girlfriend, Jessica Cummings, Mark Lovejoy, and Michelle Lanier.  Petitioner, however, was representing himself during the period of time when arrangements should have been made for the transportation of witnesses; his attorney, Robert Barrat, was acting merely as standby counsel.  There is no constitutional right to effective assistance of standby counsel. *E.g.*, **United States v. Windsor**, 981 F.2d 943, 947 (7th Cir. 1992).  Mr. Barrat was not designated as petitioner's trial counsel until the second day of the jury trial.  [Doc. 262 at 3:17–4:12].  It was thus petitioner's duty, not Mr. Barrat's, to arrange for the appearance of witnesses, and petitioner failed to do so.

## C.    Failure to Investigate Certain Potential Defenses

Petitioner next argues ineffective assistance on grounds that counsel failed to investigate certain potential defenses.  Counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary," and courts must afford "a heavy measure of deference" to counsel's judgment with respect to investigation.  **Strickland**, 466 U.S. at 690–91.  A decision not to

4

investigate is assessed for reasonableness under the totality of the circumstances.  *Id.*

In the opinion of this Court, counsel's alleged decisions not to investigate petitioner's theories were reasonable under the circumstances.  Specifically, petitioner argues that (1) counsel did not contact the Romney School for the Deaf and Blind to ascertain whether petitioner contacted school authorities to report that "Melissa" was an "at-risk" child, and (2) counsel failed to investigate whether the government altered the date and timestamps on certain chat logs between petitioner and "Melissa."  Neither argument has merit.

First, as noted by the United States in is response, petitioner raises the argument that he allegedly contacted the Romney School for the first time in his § 2255 motion.  It is, therefore, not clear when petitioner expected counsel to investigate that theory.  Even if petitioner had contacted the Romney School, moreover, it is the opinion of this Court that such evidence would not have affected the outcome of this case, as the overwhelming weight of the evidence clearly controverts any alleged isolated act suggesting that petitioner had "Melissa's" best interests at heart.

Second, despite the total lack of factual support in the record for petitioner's claim of government tampering with the chat logs, counsel in fact elicited testimony regarding the possibility for tampering with the chat logs, [Doc. 263 at 242:17–25, 243:1–4], and again directed the jury's attention to that issue in his closing argument.  [Doc. 264 at 32:19–22]. Counsel's conduct with respect to investigating these matters, thus plainly falls within the range of professionally reasonable conduct.

### D.      Failure to Tell Petitioner About Renewed Plea Bargain Offer

Petitioner claims that although "counsel was told by the government on the morning

of [his] trial that it was re-offering [him] the same binding plea bargain" that petitioner previously accepted and then withdrew, "counsel never said a word to [him] about this until three days later when I was in the holding cell awaiting the verdict of the jury." [Doc. 456 at 15]. There is no evidence in the record supporting this allegation, and petitioner has raised no set of facts which would lend credibility to same.

**II.    Petitioner's Claims of Prosecutorial Misconduct Lack Merit**

While petitioner's arguments are difficult to discern, he appears to claim that the government coached "S.M.," a female minor whom petitioner was grooming to become part of petitioner's "[sex-]slave family," to lie while giving testimony, both about whether she created sexually explicit photographs of herself at petitioner's direction, and about whether she sent petitioner sexually explicit pictures of herself at all. [Doc. 456 at 13]. Petitioner further argues that the government wrongfully withheld certain chat logs, allegedly discovered on a computer belonging to "S.M." Neither argument has merit.

As a threshold matter, petitioner procedurally defaulted on these issues by failing to raise them on appeal. In order to obtain collateral relief on procedurally defaulted issues, the movant must ordinarily show cause excusing the default and actual prejudice. **Spencer v. United States**, 894 F. Supp. 2d 721, 724 (E.D. Va. 2012) (citing **United States v. Frady**, 456 U.S. 152 (1982)). Here, petitioner has failed to make either showing, as both of his misconduct allegations have no basis in fact.

Contrary to petitioner's assertion, there was, in fact, no testimony at all from S.M. regarding whether she created the photographs for petitioner. This Court refused to allow counsel for the petitioner to pursue that line of questioning. During S.M.'s direct

examination at trial, counsel for the petitioner approached the bench and requested leave to ask S.M. whether she took the explicit photos of herself at petitioner's behest. During the bench conference, the following exchange took place between counsel for the United States and this Court:

> MR. PERRI: Your Honor, [S.M.] testified that [the explicit photos] were either taken when she was still 14 or when she had turned 15, depending on whether it was before or after November 6, 2006. She testified that she took them herself. The United States did not open the door as to who directed her to take those pictures. We deliberately stayed away from that given the Court's prior order.
> THE COURT: I'm not going to allow that question.

[Doc. 263 at 187:21–188:24]. S.M. gave no testimony concerning whether petitioner asked her to create the explicit photos, and petitioner's argument must therefore be rejected.

Petitioner's allegations regarding withholding of evidence also lack a factual basis. No chat logs were recovered from "S.M.'s" computer, and petitioner conceded as much at the pre-trial conference. *See* [Doc. 259 at 17:3–10] ("[E]xamination of Ms. S.M.'s hard drive didn't reveal any chat logs whatsoever."). Petitioner's claims of prosecutorial misconduct lack merit.

### III.   Petitioner's Unlawful Search Claim Lacks Merit

Finally, petitioner renews his oft-asserted argument that his rented Hewlett-Packard Pavilion computer was unlawfully seized and searched by the FBI. He claims that during his incarceration at the Eastern Regional Jail, FBI Agent Floznec showed petitioner "a set of pictures on a disk," one of which was a photograph "of a girl in a black bikini." According to petitioner, he "did not meet this girl until after the feds seized all [his] computers"; he

7

claims that because he never saved that image to a disk, the image "therefore could only have come off of the Pavilion." [Doc. 456 at 10].

First, there was no unlawful seizure, as petitioner admitted that he voluntarily gave the Pavilion computer to FBI agents. [Doc. 125 at 82:1–4]. Second, petitioner's claims related to the specific image described above are raised for the first time in his instant objections, and directly controvert his previous testimony, in which petitioner admitted that he did not know whether any evidence was actually recovered from the Pavilion computer. *Id.* at 83:23–84:7. This Court thus finds no merit in petitioner's allegations that an illegal search took place.

## **CONCLUSION**

Upon careful review, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Civ. Doc. 4, Crim. Doc. 449]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, the petitioner's Objections **[Crim. Doc. 456]** are **OVERRULED**.

Accordingly, this Court hereby **DENIES** and **DISMISSES with prejudice** the petitioner's amended § 2255 petition **[Civ. Doc. 1, Crim. Docs. 416, 405]** and this matter is **ORDERED STRICKEN** from the active docket of this Court. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent.

Consequently, petitioner's Motion for Injunctive Relief **[Crim. Doc. 349]**, Motion for Information **[Crim. Doc. 395]**, Motion for Documents **[Crim. Doc. 401]**, Motion to File Enclosed Exhibit **[Crim. Doc. 443]**, Motion for Production of Document **[Crim. Doc. 445]**,

Motion for Subpoena for Face Book, Inc. **[Crim. Doc. 446]**, and Motion for Subpoena Against Yahoo, Inc. **[Crim. Doc. 447]** are hereby **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

DATED: November 22, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE